IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br>    Patrick L. McCollum<br>    Tamara L. McCollum,<br><br>Debtors | Case No. 09-B32826<br>Judge: Schmetterer<br>Chapter 13<br><br>Trustee-Tom Vaughn |
| Patrick L. McCollum<br>Tamara L. McCollum,<br>    Plaintiffs,<br>v.<br><br>GMAC Mortgage, LLC as Servicer for Citibank NA as Trustee for SACO I Trust 2006-8<br>    Defendant. | Adversary Proceeding No.<br>10-A00234<br><br>RECEIVED<br>UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS<br><br>MAY   4 2010<br><br>KENNETH S. GARDNER, CLERK<br>PS REP. - MBM |

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

### Findings of Fact

1. The debtors, Patrick L. McCollum and Tamara L. McCollum, filed Chapter 7 on September 3, 2009. The debtors converted their Chapter 7 to Chapter 13 on January 19, 2010.
2. Plaintiffs' residence ("Real Estate") is the property commonly known as 1410 W. Ogden Avenue, La Grange, IL 60525 and is legally described as follows:
   LOT 3 IN BLOCK 2 IN PECK TERRACE, A SUBDIVISION OF THE NORTH 760.09 FEET OF THE WEST ½ OF THE NORTHEST ¼ OF SECTION 5, TOWNSHIP 38 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, AND THAT PART OF SECTION 32, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPLE MERIDIAN, LYING SOUTH OF THE CENTER LINE OF OGDEN AVENUE, AND EAST OF THE NORTH AND SOUTH CENTER LINE OF SECTION 5, TOWNSHIP  38 NORTH, RANGE 12 EAST OF  THE THIRD PRINCIPLE MERIDIAN, EXTENDED FROM THE SOUTH, IN COOK COUNTY, ILLINOIS.
   PIN: 15-32-419-003-0000
   PIN: 18-05-201-003-0000
3. This Adversary Proceeding was filed on February 19, 2010.

4. The plaintiffs have two mortgages on their primary residence. The first mortgage is in favor of American Home Servicing Inc. as Successor in Interest to Option One/Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes, Series 2006-1 ("American Home Mortgage").
5. The mortgage of American Home Mortgage is a secured claim based on the mortgage recorded on December 6, 2005 as document no. 0534040184 with the Cook County Recorder of Deeds, Illinois.
6. The principle balance on the first mortgage lien is $334,035.15. The mortgage arrearage is $34,021.85. The total outstanding balance on the first mortgage lien is $368,057.00.
7. The Plaintiffs' residence was appraised on January 19, 2010 by Appraisal Associates, 250 Scottswood Road, Riverside, IL 60546. The appraisal value was $327,000.00.
8. The Defendant has no mortgage recorded with the Cook County Recorder of Deeds against the Plaintiffs' Real Estate.
9. On February 9, 2010, Codilis and Associates, P.C. filed a proof of claim on behalf of GMAC Mortgage, LLC as Servicer (holder of the second mortgage) as a secured creditor for $43,839.35.
10. The appraisal value of $327,000.00 on the plaintiffs' residence and the outstanding balance of $368,057.00 owed on the senior mortgage lien render the junior mortgage lien held by GMAC Mortgage, LLC wholly unsecured and valued at $0.00.
11. The summons indicated that a motion or answer was required within 30 days of date of issuance. The Defendant has not answered or filed a motion in response to Plaintiffs' complaint.
12. The plaintiffs will provide for payment of GMAC Mortgage, LLC's claim as a general unsecured creditor in their chapter 13 plan.

### Conclusions of Law

1. Jurisdiction lies under 28 U.S.C. §1334(b) to adjudicate, approve and enforce the Debtors' effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage will no longer be secured.
2. This is a core proceeding under U.S.C. §157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012 and 11 U.S.C. §506(a).
3. Pursuant to 11 U.S.C. §1322(b)(2), a lien upon residential real estate which is the debtor's principle residence cannot ordinarily be modified. However, a wholly unsecured lien can be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See In Re Pond, 2001 U.S. App.Lexis 11287 (2nd Cir. 2001); In Re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir.2000); In Re Tanner, 217 F.3d 1357 (11th Cir). At the time of valuation, equity securing the loan cannot exist, and the lien must be wholly unsecured to be avoided and cancelled. At the time of filing (September 3, 2009) the amount due on the first mortgage exceeded the value of the real estate; therefore the Defendant's mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendant's lien has been proven to be wholly unsecured and pursuant to 11 U.S.C. §506 can be cancelled upon successful completion of the Debtors' Chapter 13 Plan.
5. The claim of the Defendant against the Real Estate located at 1410 W. Ogden Avenue, La Grange, IL 60525 is valued at $0.00.
6. The Plaintiffs are entitled to a ~~default order~~ *Judgment* declaring that, upon successful completion of the Debtors' Chapter 13 Plan and entry of Debtors' discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the Debtors' discharge.

Date: 5/11/10

*Patrick L. McCollum*

*Tamara L. McCollum*

HONORABLE JUDGE JACK B. SCHMETTERER

Patrick L. McCollum
Plaintiff, Pro Se
Tamara L. McCollum
Plaintiff, Pro Se
1410 W. Ogden Avenue
La Grange, IL 60525